IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA HANNAH | ) | |
| | ) | |
| v. | ) | NO. 3:10-0678 |
| | ) | |
| TENNESSEE PERSONAL | ) | |
| ASSISTANCE, INC. | ) | |

To: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 18, 2010 (Docket Entry No. 16), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispostiive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

For the reasons set out below, the Court recommends that this action be dismissed with prejudice because of the plaintiff's failure to comply with the orders of the Court and her failure to prosecute the action.

## I. BACKGROUND

When this civil action was originally filed on July 14, 2010, the plaintiff was represented by counsel and the matter was set for a case management conference on September 27, 2010. See Docket Entry Nos. 1 and 3. However, by Order entered September 2, 2010 (Docket Entry No. 9), counsel for the plaintiff was allowed to withdraw and the plaintiff was ordered to secure new counsel, who was to enter an appearance within 30 days of entry of the Order or, alternatively, the

plaintiff was ordered to file a notice within the same time period that she intended to represent herself in this case. The plaintiff was specifically warned in the September 2, 2010, Order that her failure to obtain counsel or file a notice within 30 days could result in the dismissal of her case for failure to prosecute.

The defendant filed an answer (Docket Entry No. 12) to the complaint on September 23, 2010, but neither an appearance of counsel nor a notice of intent to proceed pro se had been entered by the plaintiff and, by Order entered September 23, 2010 (Docket Entry No. 11), the Court reset the case management conference to October 20, 2010. On October 18, 2010, the Court cancelled the case management conference and referred the case to the Magistrate Judge. See Docket Entry No. 16.

By Order entered October 25, 2010 (Docket Entry No. 19), the Court noted that no attorney had entered an appearance for the plaintiff nor had the plaintiff filed a notice indicating that she intended to represent herself in this case. The Court provided the plaintiff one more opportunity and gave the plaintiff another deadline of November 15, 2010, to file a Notice of Intent indicating whether or not she wanted to pursue this lawsuit and warned the plaintiff that if she did not make any filing by November 15, 2010, the Court would assume that she did not intend to take any further action in this case and did not want to prosecute the case. In that event, the Court would recommend that the case be dismissed.

The record in the action shows that the plaintiff has not made any of the filings ordered by the Court. In the absence of the entry of an appearance of counsel on her behalf, the plaintiff has not filed a notice of her intent to proceed pro se as required by the Court in the Order of September

2, 2010. Additionally, she has not filed a notice of her intent to pursue the lawsuit as required by the Court in the Order of October 25, 2010.

The record in the action also shows that copies of the orders from the Court entered September 2 and 23, 2010, and October 25, 2010, respectively, were mailed to the plaintiff by both regular, first class mail and by certified mail. The certified mail has been returned to the Court as either undeliverable or unclaimed. See Docket Entry Nos. 15, 18, and 22.[1] However, the regular, first class mail has not been returned to the Court.

## II. ANALYSIS

It is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The plaintiff's failure to comply with specific directives from the Court to file notices regarding the status of her representation and her intent to pursue the lawsuit clearly indicates a failure to prosecute on her part. Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the impasse in the action caused by plaintiff's conduct, and the needless expenditure of resources by both the Court and defendant caused by the plaintiff's conduct.[2]

---

[1] The plaintiff did, however, sign the green return receipt card for the order entered October 18, 2010 (Docket Entry No. 16). See Docket Entry No. 21.

[2] The 14 day period for filing objections to this Report and Recommendation will give the plaintiff yet another opportunity to indicate her interest in prosecuting this case.

**RECOMMENDATION**

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED with prejudice in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,


    _____
    JULIET GRIFFIN
    United States Magistrate Judge